S06Y0116. IN THE MATTER OF JEFFREY IVAN GARFINKEL.
(636 SE2d 543)

PER CURIAM.

This matter is before the Court on the Notice of Discipline filed by the State Bar recommending that Respondent Jeffrey Ivan Garfinkel be suspended indefinitely with reinstatement on conditions for his

violations of Rules 1.3, 1.4, 3.2, and 8.4 (a) (1) of Rule 4-102 (d). The State Bar attempted to serve Garfinkel personally at his official membership address but the Sheriff returned the service non est inventus. A State Bar representative spoke with Garfinkel who provided a post office box address in South Carolina to which the Bar also attempted service. Ultimately the Bar served Garfinkel by publication in accordance with Bar Rule 4-203.1 (b) (3) (ii). Garfinkel did not file a rejection of the Notice of Discipline within 30 days and therefore, is in default, has no right to an evidentiary hearing, and is subject to the discipline of this Court. Bar Rule 4-208.1 (b).

The facts as admitted by Garfinkel's default show that he accepted $1,500 to represent a client in a modification of child support case, filed the petition, and requested a transfer to another county when he discovered the ex-wife lived in that county. Thereafter, however, Garfinkel took no further action in the case, which remains pending, and though he had not responded to any of the client's earlier attempts to contact him, subsequently notified the client that he no longer was able to work due to health problems. The client's child support obligations continued to accrue and the ex-wife filed a contempt action against the client to which he responded pro se as he cannot afford another attorney. After the State Bar filed a Notice of Investigation, to which Garfinkel failed to respond, an Investigative Panel member was able to speak to Garfinkel, who said he suffered from severe depression, no longer desired to practice law, and had moved to South Carolina.

After reviewing the record, we note in aggravation of discipline that it appears Garfinkel has abandoned his practice and moved to South Carolina without notifying the Bar or his clients. Accordingly, we agree and hereby order that Garfinkel be suspended indefinitely from the practice of law in Georgia, with reinstatement only upon the conditions that he: (1) file a sworn response to the client's grievance with the Office of the General Counsel ("OGC"); (2) refund the $1,500 to the client; (3) obtain a statement from a psychologist licensed to practice in Georgia describing the nature and extent of Garfinkel's impairment(s), the treatment he has undergone to overcome the impairment(s), any continued treatment necessary to maintain fitness, and certifying that Garfinkel is fit to resume the practice of law; and (4) serve the statement and a Petition for Reinstatement on the OGC and file it with the Review Panel. The OGC shall have 30 days to file an objection to the petition and the Review Panel shall consider it and make a recommendation to this Court approving or rejecting the petition. Garfinkel shall be reinstated only upon order of this Court. He is reminded of his duties under Bar Rule 4-219 (c).

*Indefinite suspension with reinstatement upon conditions. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*William P. Smith III, General Counsel State Bar, Paula K. Frederick, Assistant General Counsel State Bar,* for State Bar of Georgia.